IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, an Illinois corporation; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania corporation,<br><br>        Plaintiffs,<br><br>  vs.<br><br>NORDIC PCL CONSTRUCTION, INC., f/k/a NORDIC CONSTRUCTION, LTD., a Hawaii corporation,<br><br>        Defendant.<br>_____<br>NORDIC PCL CONSTRUCTION, INC., f/k/a NORDIC CONSTRUCTION LTD., a Hawaii corporation,<br><br>        Defendant and<br>        Third-Party<br>        Plaintiff,<br><br>  vs.<br><br>        MARSH USA, INC.,<br>        Third-Party<br>        Defendant.<br>_____ | CIVIL NO. 11-00515 SOM/KSC<br><br>ORDER DENYING THIRD-PARTY DEFENDANT MARSH USA INC.'S MOTION FOR RECONSIDERATION OF INTERLOCUTORY ORDER AND DENYING DEFENDANT NORDIC PCL CONSTRUCTION, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF INTERLOCUTORY ORDER |

**ORDER DENYING THIRD-PARTY DEFENDANT MARSH USA INC.'S MOTION FOR RECONSIDERATION OF INTERLOCUTORY ORDER AND DENYING DEFENDANT NORDIC PCL CONSTRUCTION, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF INTERLOCUTORY ORDER**

The court has before it two motions seeking reconsideration of its order of April 26, 2012 ("Partial Dismissal Order"). One motion is filed by Third-Party Defendant

Marsh USA Inc., the other by Defendant Nordic PCL Construction, Inc. Nordic has also joined in Marsh's reconsideration motion. This court denies both reconsideration motions.

The parties are familiar with the facts of this case, which are detailed in the Partial Dismissal Order and not repeated here. The parties are also familiar with Local Rule 60.1, governing motions for reconsideration of interlocutory orders. The present order therefore focuses on the arguments raised in favor of reconsideration.

The opposition memoranda filed by Plaintiffs thoroughly address the movants' arguments and need little supplementation. Moreover, having addressed in the Partial Dismissal Order most of the arguments contained in the reconsideration motions, the court keeps the present order brief, instead of repeating the opposition arguments or this court's own earlier ruling.

I.     **MARSH'S RECONSIDERATION MOTION**

Even if, as Marsh argues, it may seek reconsideration of the court's ruling on claims brought neither by nor against Marsh, Marsh's motion fails.

   **A.   Marsh's Disagreement with this Court Does Not Warrant Reconsideration.**

It appears to this court that much of Marsh's reconsideration motion merely reargues matters already addressed by this court. Nothing in Marsh's reconsideration motion persuades this court that it has misapplied the "law of the

2

circuit" rule, or that Burlington ceases to be good law binding on this court.  This court has already addressed why Tri-S Corp. V. Western World Ins. Co., 110 Haw. 473, 135 P.3d 82 (2006), does not nullify Burlington.  This court has also already noted that, in Burlington, the Ninth Circuit had before it preexisting Hawaii Supreme Court decisions and cannot be said by any district court in this circuit to have misconstrued those decisions in the absence of clearly contrary Hawaii Supreme Court decisions.  While Marsh contends that Tri-S makes it clear that Burlington is incorrect, the Hawaii Intermediate Court of Appeals, four years after Tri-S was decided, expressly validated and followed Burlington in Group Builders, Inc. v. Admiral Insurance Co., 123 Haw. 142, 231 P.2d 67 (Haw. Ct. App. 2010).  The ICA was certainly bound by the Hawaii Supreme Court, and must have thought that its decision was consistent with prior Hawaii Supreme Court decisions, including Tri-S.  That is, while Marsh treats Group Builders as a deviation from preexisting law, nothing in the ICA's decision suggests that it intended to thwart the Hawaii Supreme Court.

        This court continues to read Burlington as controlling.

**B.   This Court Has Not Nullified Act 83.**

        Marsh complains that this court's Partial Dismissal Order has made a nullity of Act 83.  Marsh is mistaken.  Marsh simply does not agree with this court's reading of Act 83.  Marsh

argues that Act 83 was "intended to restore coverage" recognized by the Hawaii Supreme Court. Marsh Mem. In Support of Motion at 25, ECF No. 70-1. To the extent this court reads the insurance policies in accordance with this court's reading of Hawaii Supreme Court decisions, this court cannot be said to be ignoring Act 83. To the extent preexisting law was consistent with Group Builders, the Hawaii legislature does not say that preexisting law must be ignored. That is, Act 83 provides a remedy that is limited to restoring coverage that was lost as a result of the Group Builders decision. Act 83 never purports to create new coverage rights. If Group Builders denies an insured coverage that the insured would have had absent Group Builders, then, Act 83 says, the insured is entitled to coverage. It does not follow that all insureds that are denied coverage would have had such coverage in the absence of Group Builders. While Marsh and this court are not reading Hawaii Supreme Court law in the same way, that is not equivalent to this court's flouting or invalidating of Act 83.

Application of Act 83 requires an analysis of Hawaii Supreme Court decisions preceding Group Builders. As noted above, far from purporting to deviate from preexisting Hawaii Supreme Court decisions, which the ICA clearly could not do, Group Builders was a decision that the ICA thought was consistent with those preexisting Hawaii Supreme Court cases. Act 83 cannot

be read outside of that context.  Act 83 is not a proclamation of law in a vacuum; its stated purpose is to give effect to preexisting judicial decisions.  In that respect, Act 83 is distinguishable from legislation that enacts or amends a statute in response to a judicial decision that construes a statute in a manner unacceptable to the legislative body.  In that circumstance, construction of the decisions preceding the new enactment or amendment does not determine the applicability of that new law.  That is not the circumstance presented by Act 83.

        A clear example of that different circumstance may be found in the federal arena in the Lily Ledbetter Fair Pay Act of 2009.  That Act was a response to the United States Supreme Court's decision in <u>Ledbetter v. Goodyear Tire and Rubber Co.</u>, 550 U.S. 618 (2007).  The plaintiff in that case was a woman who sued her employer after discovering that women were paid less than men for the same work.  The Supreme Court held that her suit was time-barred.  The Court reasoned that the limitations period on the claim began to run from the date of the employer's initial decision to discriminate, even if that decision was not known to the employee at the time, and that the limitations period could not be run from the most recent paycheck.  The 2009 legislation superseded the Court's decision by amending the statutory limitations period.  Thus, Congress addressed a decision that

5

construed limitations legislation by passing new limitations legislation.  See 42 U.S.C. § 2000e-5(e)(3)(A).

By contrast, Marsh reads Act 83 as stating that the ICA's decision in Group Builders contravenes preexisting Hawaii Supreme Court cases.  It is unusual indeed to have a legislature seek to trump an appellate court's reading not of a statute but of a higher appellate court's decisions.  Yet that is what Marsh appears to be reading Act 83 as doing.  In other words, Marsh is urging this court to read Act 83 as the legislature's superseding of the Hawaii ICA's reading of appellate decisions.  Whether Marsh's reading is correct or not, Act 83 never tries to supersede the preexisting Hawaii Supreme Court cases, which the Ninth Circuit tells this court how to read.

**C.  This Court Has Not Construed Ambiguities Against the Insured.**

Marsh inexplicably contends that this court has violated rules of contract construction by interpreting ambiguities relating to completed operations coverage against the insured.  This court has not done that at all.

Marsh argues that an ambiguous provision in an adhesion contract must be construed against the drafter.  But before a court may construe an ambiguous provision, it must satisfy itself that an ambiguous provision is in issue.  Marsh does not contend that any party has the benefit of any inference in its favor with respect to a court's determination as to whether a provision is

ambiguous. The problem with Marsh's argument is that this court made no ruling that any provision concerning completed operations coverage was ambiguous. The court noted questions it had and then gave the insured a deadline by which to file an amended pleading identifying what completed operations provisions it was relying on. The court could not determine what policy provisions were in effect, much less what provisions were being sued over. Under those circumstances, the issue of how to construe any provision, ambiguous or not, was simply not before the court. Before the court could construe or misconstrue any provision, the provision had to be identified for the court to examine. That has not occurred. Marsh is getting ahead of itself in attacking the way the court has allegedly construed provisions that the court is presently unable to identify as being in issue!

**II.     NORDIC'S RECONSIDERATION MOTION**

    **A.  A Stay Remains Unwarranted.**

Nordic's motion relies heavily on an oral ruling issued by the state trial court after this court held its hearing in the present case and just a few days before this court issued its Partial Dismissal Order. This court was unaware of the state judge's ruling at the time it issued the Partial Dismissal Order. In the context of a different project, the state trial court appears to have relied on Act 83 in determining that policies issued in 2003 had to be construed as providing coverage for

occurrences that could arise out of contracts.  The state trial court appears to have read the ICA decision in Group Builders as having departed from prior Hawaii Supreme Court law.  Unlike the state trial court, this court, for the reasons stated in the Partial Dismissal Order and this court's discussion of Marsh's reconsideration motion, continues to conclude that it remains bound by Burlington, a decision of the appellate court directly above this court.

Nordic expresses concern about inconsistent rulings in the state and federal trial courts.  Nordic's alarm is premature.  Claims remain in issue in the present case.  Indeed, an amended pleading has been invited, suggesting that this case is still in its infancy.  It will likely be months before a final judgment is entered in this case, and during that time the state case may well make its way to a state appellate court.  At the moment, the present case does not involve extensive discovery or expensive trial proceedings.  Instead, pleadings are still being formulated.  There is ample time to worry about inconsistencies, and a stay that may ultimately become appropriate remains unwarranted for now.

In connection with asking this court to stay the present case in light of the state trial court ruling, Nordic urges this court to follow the reasoning of its own decision in

Benevedes v. GEICO, 2009 WL 705541 (D. Haw. Mar. 18, 2009). Nordic's reliance on that decision is misplaced.

Benevedes was an insurance coverage action that had begun in state court. Following removal to this court by the insurer, the insureds moved for remand. The remand motion was referred to the magistrate judge, who issued his Findings and Recommendation ("F&R"). The F&R recommended remand to the state court. In the course of explaining why remand was recommended, the magistrate judge stated that the underlying personal injury lawsuit was a parallel action. No party objected to the F&R, and this very district judge then adopted the F&R.

Nordic argues that this judge should similarly deem the construction defect lawsuit proceeding in state court to be parallel to the present insurance coverage action. What Nordic ignores are circumstances present in the Benevedes case but not present here that affected the analysis of whether the underlying action and the coverage action were parallel. In the underlying personal injury action related to the Benevedes coverage action, there was a state court order requiring the parties in the personal injury action to engage in mediation before a mediator of their choosing. The state court order further recommended that the insurance carrier participate in the mediation to make it "meaningful." The state court appears to have contemplated a compensated nonjudicial mediator. See ECF 11-4 in Benevedes,

9

Civ. No. 08-00554.  This is not something ordered in every case. This court is not, of course, saying that any time mediation is ordered in a related state case the state case must be deemed to be parallel to a federal coverage action.  However, especially given the absence of any objection to the F&R, the remand context, and the mediation order, it made sense to this judge to adopt the F&R stating that the state and federal actions were parallel.  By contrast, the present case involves spirited argument over the issue of whether there is a parallel state case.  This case is not one that this court could send to a state court, and no party has suggested that there is a mediation order in place in any way relating to the present dispute.  Benevedes is inapposite.

### B. This Court Remains Bound by Burlington.

On another note, this court is puzzled by Nordic's argument that a state trial court's decision, while admittedly not controlling, should stop this or any other trial court in its tracks.  Are parties arguing to other state trial judges that they too should stay their cases to avoid possible inconsistency with the first state trial court to rule on the Act 83 issue?

On the one hand, Nordic argues that this court (and presumably the state trial courts) should disregard the ICA's reading of Hawaii Supreme Court decisions in favor of the legislature's reading of those same decisions.  On the other

hand, Nordic argues that other trial courts should defer to a lower court's reading of Hawaii Supreme Court decisions.  <u>See</u> Nordic's Mem. In Support of Reconsideration Motion at 17, ECF No. 74-1 (citing cases in which the Ninth Circuit "did not wait for a state supreme court decision before departing from prior Circuit interpretation of state law" and noting that "intermediate appellate court decisions" may prompt a federal court "to revisit Circuit law").  Urging reliance on a state trial court's rejection of the ICA's reading of Hawaii Supreme Court cases, Nordic appears to be driven by whether it agrees with the content of a ruling, not the hierarchy of a court.  This court, however, is clearly governed by a higher court.

### III. CONCLUSION

The reconsideration motions filed by Marsh and Nordic are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 13, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

ILLINOIS NATIONAL INSURANCE COMPANY v. NORDIC PCL CONSTRUCTION, INC.; CIVIL NO. 11-00515 SOM/KSC; ORDER DENYING THIRD-PARTY DEFENDANT MARSH USA INC.'S MOTION FOR RECONSIDERATION OF INTERLOCUTORY ORDER AND DENYING DEFENDANT NORDIC PCL CONSTRUCTION, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF INTERLOCUTORY ORDER