IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, an Illinois corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania corporation,<br><br>    Plaintiffs,<br><br>  vs.<br><br>NORDIC PLC CONSTRUCTION, INC., f/k/a NORDIC CONSTRUCTION, LTD., a Hawaii corporation,<br><br>    Defendants.<br>_____<br>NORDIC PLC CONSTRUCTION, INC. f/k/a NORDIC CONSTRUCTION LTD., a Hawaii corporation,<br><br>    Defendant and<br>    Third-Party<br>    Plaintiff,<br><br>  vs.<br><br>MARCH USA, INC.,<br><br>    Third-Party<br>    Defendant.<br>_____ | CIV. NO. 11-00515 SOM/KSC<br><br>ORDER DENYING DEFENDANT NORDIC PLC CONSTRUCTION, INC.'S EX PARTE MOTION TO CONTINUE HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

ORDER DENYING DEFENDANT NORDIC PLC
CONSTRUCTION, INC.'S  EX PARTE MOTION TO CONTINUE
HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

    The court denies Defendant Nordic PLC Construction, Inc.'s Ex Parte Motion To Continue Hearing on Plaintiffs' Motion for Summary Judgment.  The hearing remains on the court's calendar for February 25, 2013, at 11:15 a.m., a date set by the

court on November 8, 2012, the day after the summary judgment motion was filed.

  Nordic raises three arguments in its motion, none of which the court finds persuasive.

  First, Nordic notes that a scheduling conflict has developed for Nordic's lead counsel, given the recent scheduling of a multi-party mediation.  Plaintiffs' counsel is participating in the same mediation but indicates that he believes a short recess can be taken in the mediation and that, in any event, he plans to be present for this court's hearing.  This court does not view the conflict, created only a few days ago, as a reason to continue the hearing on the summary judgment motion, which the parties have been on notice of for more than three months. Moreover, Nordic's filings with this court list at least three partners from the law firm as Nordic's attorneys.  (While the scope of the mediation described by Nordic's counsel suggests that Nordic's lead counsel is likely to be similarly assisted by one or more partners from his firm in the mediation, no information on that subject has been provided to the court.) This court has no difficulty understanding that lead counsel would like to be at every major proceeding in every matter he is handling.  However, the court cannot see any prejudice to Nordic if lead counsel allows one of his partners to handle a matter

otherwise subject to a conflict in lead counsel's schedule (assuming a recess in the mediation is not feasible).

Second, Nordic says that there is ample time between now and the new trial date of January 28, 2014, to allow for a continued hearing on Plaintiffs' summary judgment motion without any prejudice to trial preparation.  But, taking into account scheduling issues for counsel and the court, a new hearing might be in May or even later.  This court sees a clear benefit to all if there is an early determination of the issues for trial.  The earlier the determination, the easier it is to ensure that time and money will be spent effectively during discovery and on other motions that may be filed.  If issues clearly remain in dispute, discovery and briefing may be focused accordingly, and if issues have been narrowed, then discovery may be accordingly curtailed.

Third, Nordic says that it intends to file a Second Amended Counterclaim that will present "additional issues that the parties should consider and discuss when arguing the Summary Judgment Motion." Nordic says that supplemental briefing should be permitted on those additional issues.  This court has difficulty seeing how a new counterclaim will affect Plaintiffs' pending summary judgment motion.  The pending summary judgment motion addresses the claims in the Complaint, which prays for the following:

>     1.  The Court adjudicate and declare that the
>         Safeway Litigation and the MSC Claim do not seek

>    recovery of "property damage" caused by an
>    "occurrence" as those terms are defined in the
>    Policies.
>
>    2.   That the Court adjudicate and declare that
>    Illinois National and National Union do not have
>    an obligation under the Policies to defend Nordic
>    in the Safeway Litigation or with regard to the
>    MSC Claim.
>
>    3.   That the Court adjudicate and declare that
>    Illinois National and National Union do not have
>    an obligation under the Policies to indemnify
>    Nordic in the Safeway Litigation or with regard to
>    the MSC Claim.
>
>    4.   That the Court adjudicate and declare that
>    Illinois National and National Union have no
>    obligation under the Policies to compensate Nordic
>    for costs associated with any repair performed in
>    connection with the Safeway Litigation and the MSC
>    Claim.
>
>    5.   For such other and further relief as the Court
>    deems proper.

Complaint at 9, ECF No. 1.  The Complaint is aimed at obtaining a determination of Plaintiffs' obligations under the insurance policies issued to Nordic.  Whatever claims Nordic may assert in a Second Amended Counterclaim, the claims cannot, without running afoul of this court's earlier orders, be premised on the belief that claims in the Safeway Litigation or concerning the Moanalua Shopping Center either arise out of an "occurrence" covered by the insurance policies.  On the present record, it is not at all clear how the future filing of a Second Amended Counterclaim could affect a determination of Plaintiffs' obligations under the insurance policies issued to Nordic.

4

This court realizes that one of the matters in dispute on the pending summary judgment motion concerns whether Plaintiffs have a duty to defend Nordic with respect to claims relating to what Nordic refers to as alleged "pre-contract" representations.  This court's ruling on that issue will turn on a review of Safeway's precise allegations as to why Nordic is liable to Safeway and on applicable law, not on what tort claims Nordic may be planning to assert against the insurers.  Nordic's bald assertion that its anticipated Second Amended Counterclaim may affect the pending summary judgment motion is insufficient to justify the continuance it seeks.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 22, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Illinois National Insurance Company, et al. v. Nordic PLC, et al.; Nordic PLC v. Marsh USA, Inc., Civ. No. 11-00515 SOM/KSC ORDER DENYING DEFENDANT NORDIC PLC CONSTRUCTION, INC.'S EX PARTE MOTION TO CONTINUE HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT