IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, et al., | ) ) ) | CIVIL. NO. 11-00515 SOM/KSC |
| Plaintiffs, | ) ) | ORDER AFFIRMING THE MAGISTRATE JUDGE'S FEBRUARY 15, 2013 ORDER CONDITIONALLY |
| vs. | ) ) ) | GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A SECOND |
| NORDIC PLC CONSTRUCTION, INC., | ) ) ) | AMENDED COUNTERCLAIM |
| Defendant. | ) ) ) | |
| _____ | ) | |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S FEBRUARY 15, 2013
ORDER CONDITIONALLY GRANTING DEFENDANT'S
MOTION FOR LEAVE TO FILE A SECOND AMENDED COUNTERCLAIM**

**I.      INTRODUCTION.**

Before the court is an appeal by Plaintiffs Illinois National Insurance Company ("Illinois National") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (collectively, "the Insurers"), from an Order by Magistrate Judge Kevin Chang conditionally granting the Motion for Leave to File a Second Amended Counterclaim ("Motion for Leave") filed by Defendant Nordic PLC Construction, Inc. ("Nordic").  Having reviewed the record, the court AFFIRMS the Magistrate Judge's Order.

**II.      STANDARD OF REVIEW.**

A district court defers to a magistrate judge's non-dispositive order unless it is "clearly erroneous" or "contrary to law."  28 U.S.C. § 636(b)(1)(A).  See also Fed. R. Civ. P.

72(a); Local Rule 74.1.  A magistrate judge's nondispositive
order is "contrary to law" when the magistrate judge "fails to
consider an element of the applicable legal standard.  Durham v.
Cnty. of Maui, 742 F. Supp. 2d 1121, 1127 (D. Haw. 2010).

III.        BACKGROUND.

        The factual and procedural background of this case is
familiar to both the court and the parties.  This Order therefore
includes only the facts most salient to this appeal.

        On October 24, 2011, Nordic filed its original
counterclaim against the Insurers, asserting claims for breach of
the Insurers' insurance contract, breach of the covenant of good
faith and fair dealing, misrepresentation and omissions of
material fact, bad faith, and declaratory relief.  ECF No. 10-1.
On April 26, 2012, the court dismissed the original counterclaim.
ECF No. 69.

        On June 27, 2012, Nordic filed a First Amended
Counterclaim asserting a breach of contract claim, this time
premised expressly on the "products-completed operations hazard"
("PCOH") provisions in the insurance policies.  ECF No. 84.  On
October 31, 2012, the court dismissed Nordic's First Amended
Counterclaim in its entirety.  Order Granting Counterclaim
Defendants' Motion to Dismiss Counterclaim Plaintiff's First
Amended Counterclaim at 44, ECF No. 119.  However, this court
gave Nordic a deadline of November 21, 2012, by which to move for

leave to file a second amended counterclaim ("SACC").  The court
stated:

> Nordic may move before the Magistrate Judge
> for leave to file a Second Amended
> Counterclaim that is consistent with the
> present order.  That is, the court is not
> giving Nordic leave to file a Second Amended
> Counterclaim; at most, Nordic may move for
> leave.  Any motion must include the proposed
> Second Amended Counterclaim as an exhibit.
> Nordic may not include claims that are
> irreconcilable with the rulings already
> issued in the case.

Id. at 44-45.

Among other things, the court's earlier dismissal
orders stated that controlling law precluded Nordic from
obtaining coverage under the insurance policies for defects in
work it had performed pursuant to construction contracts.  The
court's reasoning applied to coverage under both PCOH and non-
PCOH policy provisions.  Any proposed SACC could not run afoul of
this reasoning.

On November 21, 2012, Nordic filed its Motion for
Leave, attaching its proposed SACC as an exhibit.  ECF No. 125.
Nordic's proposed SACC included verbatim the dismissed First
Amended Counterclaim, followed by new language asserting bad
faith, negligent misrepresentation and omission of material fact,
equitable estoppel, and reformation.

The Insurers argued that Nordic should not be granted leave to file the new claims for three reasons: (1) prejudice; (2) undue delay; and (3) futility.  ECF No. 154, 18-41.

On February 15, 2013, Magistrate Judge Chang conditionally granted Nordic's Motion for Leave with respect to the four new claims (the "Conditional Granting Order"), relying on Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), which provides that "[t]he court should freely give leave when justice so requires."  Magistrate Judge Chang noted: "If the facts or circumstances a plaintiff relies upon may be the basis of relief, she should be afforded the opportunity to test her claim on the merits."  ECF No. 174 at 5 (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  He analyzed a number of factors before granting the Motion for Leave.  <u>Id.</u> at 5-6.

Magistrate Judge Chang ordered Nordic to delete the previously dismissed claims that Nordic had reasserted verbatim in the SACC:

> [I]nasmuch as the proposed Second Amended Counterclaim violates the Dismissal Order, [Nordic] will be required, as a condition of the granting of this Motion, to submit a revised draft to the Court and opposing counsel before ti is permitted to file the SACC.  In the Dismissal Order, Chief Judge Mollway prohibited the inclusion of claims that are irreconcilable with the rulings already issued in the case. [Nordic's reassertion of Counts I-IV, verbatim, therefore runs afoul of Chief Judge Mollway's directive.  The revised proposed SACC must exclude Counts I-IV and any other language

> contained in pages 1-33 of the proposed SACC
> that may violated the Dismissal Order.   The
> balance of the proposed SACC may not be
> modified.

ECF No. 174 at 7.

In addition, Magistrate Judge Chang addressed the

Insurers' concerns as follows:

> The Court believes that Plaintiffs'
> concerns about the prejudice that would
> result if they were forced to again seek
> dismissal of Counts I-IV will be mitigated
> and/or eliminated in view of the foregoing
> requirement.   With respect to Plaintiffs'
> concerns about the continuation of trial and
> extension of expired deadlines, Defendant
> represented that it will be agreeable to
> necessary continuances.   Thus, the fact that
> delay may result from the filing of an SACC
> cannot alone support a denial of the Motion.
>
> Although Defendant raises futility
> arguments, determinations regarding the
> merits of the proposed claims are best left
> for evaluation and adjudication by Chief
> Judge Mollway.

Id. at 8.   Finally, Magistrate Judge Chang ordered Nordic to

submit its revised proposed SACC by March 1, 2013.   Id. at 8.

Nordic submitted its revised SACC on March 1, 2013, and

the Insurers filed the instant appeal that same day.

In their appeal, the Insurers complain that Magistrate

Judge Chang's conditional order is "contrary to law" because

Magistrate Judge Chang failed to consider the Insurers' arguments

regarding futility and undue delay.   Appeal at 11, ECF No. 188.

The Insurers say that Magistrate Judge Chang's conditional order

"effectively precluded the Insurers from asserting two recognized arguments in opposing Nordic's Motion for Leave. This is improper and 'contrary to law.'" Id. at 13. This court disagrees.

**IV.        ANALYSIS.**

The Insurers first argue that Magistrate Judge Chang erred by failing to consider their "meritorious argument based on futility [and] undue delay." Appeal at 11. The Insurers say:

> In this case, the Insurers asserted three factors that the U.S. Supreme Court recognized should be considered in ruling on a motion for leave: (1) prejudice; (2) undue delay; and (3) futility. In fact, the Insurers devoted more than one-half of their brief to two of these factors: undue delay and futility. Yet, the Granting Order is completely silent with regard to undue delay. As for the Insurers' futility arguments, the Granting Order states: "Although [Plaintiffs] raise[] futility arguments, determinations regarding the merits of the proposed claims are best left for evaluation and adjudication by Chief Judge Mollway."

Appeal at 12-13.

The Insurers correctly note that undue prejudice, delay, and futility are among the "factors frequently used to assess the propriety of a motion for leave to amend." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). See also Foman, 371 U.S. at 182 (providing that leave to amend should be freely given in the absence of factors that include undue prejudice, delay, and futility).

6

Contrary to the Insurers' characterization of
Magistrate Judge Chang's ruling, Magistrate Judge Chang
explicitly addressed the relevance of these factors in his
Granting Order.  Granting Order at 5.  Magistrate Judge Chang
noted, "Not all of these factors carry equal weight; prejudice to
the opposing party is the most persuasive factor." Id. (citing
Eminence Capital, LLC v. Aspeon, Inc., 316 F. 3d 1048, 1052 (9th
Cir. 2003)).  Significantly, he observed, "The party opposing the
motion for leave to amend bears the burden of establishing
prejudice." Id. at 6 (citing DCD Programs, Ltd. v. Leighton, 833
F. 3d 183, 187 (9th Cir. 1987)).  He also stated: "If there is
neither prejudice to the opposing party nor a strong showing of
the remaining factors, there is a presumption in favor of
granting the leave to amend." Id. (citing Eminence, 316 F. 3d
242, 245).  Finding neither prejudice nor a strong showing of the
remaining factors, Magistrate Judge Chang then granted the Motion
for Leave.  Id.

The Insurers appear to be arguing that Magistrate Judge
Chang's analysis on these points should have been more detailed.
Their reliance on Jones v. Casey's Gen. Stores, 538 F. Supp. 2d
1094, 1101 (D. Iowa 2008), on this point is unavailing.  In
Jones, the plaintiffs filed a motion to amend their complaint
approximately six months after they had filed their lawsuit.  Id.
at 1099.  The magistrate judge granted the plaintiffs' motion for

7

leave, and the defendants appealed to the district court.  The district court ruled:

> [T]he court does find that the magistrate judge erred in not fully and explicitly considering Defendants' argument of undue delay and prejudice.  This finding, does not, however, warrant reversal of the magistrate judge's ruling on the issue of undue delay and prejudice.  Defendant has failed to show that granting Plaintiffs' request to amend the [Complaint] is, in fact, prejudicial to it.

Id. at 1100.  Put differently, the district court held that any shortcoming on the part of the magistrate judge was not reversible error because the defendant failed to meet its burden of establishing prejudice.  See also DCD Programs, Ltd., 833 F. 3d at 187.

This court identifies no error by Magistrate Judge Chang with respect to whether he "fully and explicitly" considered the Insurers' arguments regarding undue delay and prejudice.  Even if that had occurred, both Jones and DCD Programs make it clear that such a failure would be reversible error only if the party opposing the motion for leave to amend satisfied its burden of establishing prejudice.

The Insurers have failed to establish that they would be prejudiced by the filing of Nordic's SACC.  As Nordic observed, "That is because no prejudice exists.  The Court has continued the trial date to January 28, 2014, and the new discovery deadline is November 29, 2013."  Opp'n at 6-7.  Because

this court sees no prejudice to the Insurers arising from the Granting Order, the Insurers' arguments regarding <u>Jones</u> are inapposite.  Magistrate Judge Chang's Granting Order was not "contrary to law," and this court denies the Insurers' appeal on this point.

Even though the Granting Order was neither "clearly erroneous" nor "contrary to law," this court, simply to be thorough, takes the time here to address the Insurers' claim-by-claim discussion about undue delay and futility.

With regard to undue delay, the Insurers argue that the four claims Nordic seeks to add in its SACC "arise out of facts which, if true, Nordic must have known when it filed its original counterclaim nearly 16 months ago."  Appeal at 14.  The Insurers cite <u>Acri v. International Association of Machinists & Aerospace Workers</u>, 781 F.2d 1393, 1398 (9th Cir. 1986), for the proposition that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."  The Insurers argue that "Nordic should not be granted leave to raise claims and theories that it could have raised more than 16 months ago."  Appeal at 17.

This case is not like <u>Acri</u>.  In <u>Acri</u>, the Ninth Circuit found that the district court had not abused its discretion in denying plaintiffs leave to amend.  The district court "found

9

that plaintiffs' motion to amend was brought to avoid the possibility of an adverse summary judgment ruling, and that allowing amendment would prejudice the [defendant] because of the necessity for further discovery." Id. at 1398-99.  No analogous concerns exist here.  First, Nordic's SACC is not "late"; Nordic is timely submitting a proposed SACC at the express invitation of the court.  Second, given the current schedule for trial, there is no evidence that the decision on Nordic's Motion for Leave will prejudice the Insurers by way of requiring further discovery late in the proceedings.  Acri does not suggest that the Granting Order was either "clearly erroneous" or "contrary to law."

The Insurers next argue that all four of Nordic's new claims are futile.  The denial of leave to amend based on futility is sometimes seen as tantamount to a dismissal for failure to state a claim.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").  When a court denies leave to amend on the ground of futility, it means that the court has reached the legal conclusion that the amended complaint could not withstand a Rule 12(b)(6) motion.  Id.  "Thus, the 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a

10

pleading challenged under Rule 12(b)(6).'" <u>Nordyke v. King</u>, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quoting <u>Miller</u>, 845 F. 2d at 214).

Indeed, for that reason, courts sometimes conclude that, absent the parties' consent, only district judges can issue orders resolving futility issues relating to a motion for leave to file an amended complaint.  These courts require magistrate judges to issue findings and recommendations to be reviewed de novo by district judges, rather than orders subject to the "clearly erroneous" or "contrary to law" standard.  <u>See Mueller Co. v. U.S. Pipe & Foundry Co.</u>, 351 F. Supp. 2d 1, 2 (D.N.H. 2005) (noting that denial of a motion to amend on futility grounds is subject to de novo review); <u>see also HCC, Inc. v. RH & M Mach. Co.</u>, 39 F. Supp. 2d 317, 321-22 (S.D.N.Y. 1999) (denial of leave to amend is dispositive when premised on futility).  This view is not universal.  <u>See Hall v. Norfolk S. Ry. Co.</u>, 469 F.3d 590, 595 (7th Cir. 2006) (finding a magistrate judge's denial of a motion to amend on grounds of futility to be nondispositive and subject to review for clear error by the district court).

This court need not here rule on the issue of whether a magistrate judge may issue an order resolving a futility issue.  This court states that, even if it treated the Granting Order as a set of findings and a recommendation and reviewed those

11

findings and recommendation de novo, it would adopt the findings and recommendations.

Magistrate Judge Chang declined to address the Insurers' futility arguments on the ground that "determinations regarding the merits of the proposed claims are best left for evaluation and adjudication by Chief Judge Mollway." Id. at 8. Although the Insurers go to great lengths to discuss the alleged shortcomings of Nordic's proposed SACC, Magistrate Judge Chang's approach makes sense here.

IV.      CONCLUSION.

This court affirms the Magistrate Judge.  Nordic may submit its SACC subject to the limitations outlined in the Granting Order and previously articulated by this court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 28, 2013.



 /s/ Susan Oki Mollway 
Susan Oki Mollway
Chief United States District Judge

Illinois National Insurance Company et al. v.Nordic PCL Construction, Inc.; Civ. No. 11-00515 SOM/KSC; ORDER AFFIRMING THE MAGISTRATE JUDGE'S FEBRUARY 15, 2013 ORDER CONDITIONALLY GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COUNTERCLAIM